PROB 12C
Rev 2/03

# United States District Court

## for

## Southern District of Ohio

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Arthur Harlaria Gassett**                    Case Number: **1:02CR00097**

Name of Sentencing Judicial Officer:         **The Honorable Susan J. Dlott**
                                             **United States District Judge**

Date of Original Sentence: **August 26, 1996**

Original Offense: **Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 USC §§ 846 and 841(a)(1) and (b)(1)(A), a class A felony.**

Original Sentence: **30 months BOP confinement, 5 years supervised release. On September 10, 2002, Supervised Release revoked--8 months BOP confinement, 3 years supervised release. On December 12, 2003, Supervised Release revoked--24 months BOP confinement, 28 months supervised release.**

Type of Supervision: **Supervised Release**               Date Supervision Commenced: **July 11, 2005**

Assistant U.S. Attorney: **Anthony Springer, esq.**           Defense Attorney: **Martin S. Pinales, esq.**

## PETITIONING THE COURT

[X]     To issue a warrant
[ ]     To issue an Order to Appear and Show Cause
[ ]     To grant an exception to revocation without a hearing.


| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | **New Law Violation:** |

On August 10, 2005, the Wyoming, Ohio police arrested Gassett on the charge of Violating a Protection Order. Because it is Gassett's second offense involving the same person, it is a felony with a maximum penalty of 12 months incarceration. The case is currently pending in Hamilton County Municipal Court.

The complaints allege Gassett drove past the residence of Susan Saunders on three separate occasions in the early morning hours of August 10, 2005. Saunders and her son witnessed Gassett drive by, and called the police. Further investigation determined, Gassett was observed by a neighbor pulling into the neighbor's driveway and parking at least twice on the same evening. The protection order was obtained by Saunders in June 2002 and is effective on June 16, 2007. The protection order prohibits Gassett from coming within 500 yards of Susan Saunders and her two sons.

PROB 12C
Rev 2/03

#2

**Condition #3: You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;**

On July 11, 2005, this officer met with Gassett upon his release from the custody of the Bureau of Prisons, and went over the supervision requirements. This officer specifically instructed Gassett to stay away from Saunders and her family and not have any form of contact with them. This officer also instructed Gassett to stay out of Wyoming, Ohio with the exception of visiting his father. He was also instructed that he could not live in Wyoming, Ohio. Gassett voiced his unhappiness about the instruction with regard to staying out of Wyoming, but acknowledged he understood these instructions, and stated he just wanted to get on with his life.

On at least three occasions since July 11, 2005, Gassett has driven past Susan Saunders 's residence during the late night/early morning hours, which was witnessed by either herself or her sons. It should be noted, Gassett purchased a red convertible MG while he was in the halfway house in the Bureau of Prison's custody. This a different vehicle than Susan Saunders and her sons previously knew about. Furthermore, Gassett's address upon release was 2357 Buddleia Court, Cincinnati, Ohio 45239 in Springfield Township. Gassett then moved to 1637 Ardwich, Springdale, Ohio 45246, which is north of the Wyoming, Ohio area. Gassett's father also lives on the northern end of Wyoming, Ohio.

In the early morning hours of two unspecified dates in mid-July, 2005, Dan Pescovitz, one of Saunders's sons, was preparing to go to bed in his bedroom, and heard a loud vehicle engine turn the corner onto his street, and looked out the window. He observed a red convertible sports car with Gassett driving the vehicle. The same situation occurred on the second occasion, and Pescovitz was absolutely sure the driver was Art Gassett.

At approximately 3:30am on July 23, 2005, Gassett was observed, by Saunders's son, Andy Pescovitz, parked in the next door neighbor's driveway with the car lights on in a position that was virtually in between Saunders's and the neighbor's homes. Pescovitz was getting a drink of water and observed this out of the kitchen window. Pescovitz saw a red convertible sports car, and Gassett. To be sure, Pescovitz moved to another window for another look, and Gassett saw Pescovitz, and backed up his car approximately 6 feet to see Pescovitz because the light in the family room was turned on. Pescovitz then moved away from the window and headed toward the front door, while Gassett pulled his car out of the driveway and parked in front of Saunders's residence. Pescovitz looked out the window of the front door and made eye contact with Gassett. Pescovitz described Gassett as wearing a dark colored bandana on his head.

Gassett then pulled his vehicle back into the neighbor's driveway and revved his engine twice to get Pescovitz's attention, but Pescovitz did not go to a window. Gassett then pulled out of the driveway and left the area. Approximately 10 minutes later, the Saunders's residence received a telephone call , which they did not answer, which read, "CBT pay phone". Susan Saunders woke up when she heard the phone ring, but was not able to get it in time. She saw her son, who told her about what he saw, and she immediately called the police. The Wyoming Police records indicate receiving a telephone call from the Saunders's residence reporting the violation of the protection order, and a cruiser was dispatched at 3:56am to the area. Gassett was not found in the area upon the response by the police., which was approximately 15 minutes after the incident occurred.

At approximately 2:30am on August 10, 2005, Gassett was observed by Susan Saunders and her son Dan driving past her home on at least three occasions.

PROB 12C
Rev 2/03

#3             **Special Condition #3—The defendant shall have no contact with Susan Saunders and her children, either directly or indirectly .**

On at least three occasions since early July 11, 2005, Gassett has had at least indirect contact with Susan Saunders and her sons. The first two incidents occurred on unspecified dates in mid -July, 2005. On these occasions, Dan Pescovitz, Saunders's oldest son heard a loud vehicle engine turning the corner onto their street (Grove Ave). He looked out his bedroom window, and saw Gassett driving by in a red sports car.

At approximately 3:30am on July 23, 2005, Gassett, who owns a red convertible sports car, was observed by Andy Pescovitz, Saunders's youngest son, parked in a red convertible sports car in the next door neighbor's driveway with the car lights on. As Pescovitz went to the family room window, Gassett pulled his car back approximately six feet, and again Pescovitz saw Gassett. Pescovitz left the window, then Gassett pulled his car out of the driveway, and parked in front of Saunders's home, and Pescovitz made eye contact with Gassett through window of the front door. Gassett was described as wearing a dark colored bandana. Gassett then pulled back into the neighbor's driveway, but Pescovitz did not go to the window. Approximately 10 minutes later, the telephone rang at the Saunders's residence, which woke Saunders, but she was unable to get to the phone in time. The Caller ID read "CBT pay phone". She saw her son awake, and he told her what happened. They immediately called the Wyoming police, and the Wyoming police records show a cruiser was dispatched to the area at 3:56am.

At approximately 2:30am on August 10, 2005, Gassett was observed by Susan Saunders and her son, Dan Pescovitz driving his red convertible sport car past their home on at least three occasions. Further investigation determined, Gassett was observed by the next door neighbor being parked in the neighbor's driveway earlier in the evening. The Wyoming police were immediately contacted, and they responded but did not see Gassett. A violation of a protection order charge was filed against Gassett by the Wyoming police.

All of these incidents are forms of direct or indirect contact with Susan Saunders and her sons.

**U.S. Probation Officer Recommendation:**

Gassett continues to violate the Court's order and this officer's instructions in relation to having no contact with Susan Saunders and her sons. Gassett violated the protection order, and has the gumption to pull significantly into the next door neighbor's driveway to be near Saunders. He appears to be obsessed with her, and clearly poses a threat to her and her sons. As of the date of this petition, there is also currently a warrant for his arrest for the new charge. Therefore, for these reasons, this officer is respectfully recommending a warrant be issued for supervised release violation to be served as a detainer.

The term of supervision should be
         [X]        Revoked.
         [ ]         Extended for  years, for a total term of  years.
         [ ]         Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
         [ ]         The conditions of supervision should be modified as follows:

PROB 12C
Rev 2/03

4

I declare under penalty of perjury that                    Approved,
the foregoing is true and correct.

Executed on  August 11, 2005                               by

Robert C. Frommeyer Jr.                                    John C. Cole
Senior U.S. Probation Officer                              Supervising U.S. Probation Officer
                                                           Date:  8-11-05

---

THE COURT ORDERS:

[ ]     No Action

[X]     The Court finds that there is probable cause to believe the defendant has violated the conditions of
        his supervised release and orders the Issuance of a Warrant for his arrest.

[ ]     The Issuance of an Order to Appear and Show Cause

[ ]     The Court finds the defendant can benefit from continued substance abuse treatment and grants an
        exception to revocation. The supervision term of the defendant is continued under all original terms
        and conditions.

[ ]     Other

Signature of Judicial Officer

August 11, 2005
Date