**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 05-4578

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
OCT 2 0 2006
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| ARTHUR GASSETT, | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

O R D E R

Before: GIBBONS and MCKEAGUE, Circuit Judges; BUNNING, District Judge.[*]

Arthur Gassett, who is represented by counsel, appeals a district court judgment revoking his supervised release. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).

In 1994, Gassett pleaded guilty to conspiracy with the intent to distribute and the distribution of cocaine. He was sentenced to sixteen months of imprisonment followed by five years of supervised release. The sentence was amended on August 26, 1996, to thirty months of imprisonment followed by five years of supervised release.

On September 10, 2002, as a result of Gassett's conviction for driving under the influence, for violating his ninety-day period of electronic monitoring, and for violating a civil protection order regarding his former girlfriend, Gassett's supervised release was revoked and he was sentenced to eight months of imprisonment followed by three years of supervised release. On December 12,

---

[*]The Honorable David L. Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

2003, Gassett's term of supervised release was again revoked. The revocation was based on Gassett's lie concerning the purchase of a home in Wyoming, Ohio, after he had been instructed not to live in that location due to a civil restraining order against him from his former girlfriend. Gassett was sentenced to twenty-four months of imprisonment followed by twenty-eight months of supervised release.

On July 11, 2005, Gassett began a new term of supervised release. On August 10, 2005, the Wyoming (Ohio) police arrested Gassett for violating the protective order obtained by his former girlfriend who had called the police after Gassett had driven past her home on three occasions that morning. Gassett's probation officer filed a petition with the district court on October 26, 2005, charging Gassett with: 1) committing another federal, state, or local crime; 2) failing to adhere to the instructions specifically given to him by his probation officer; and 3) violating the special condition that he was not to have direct or indirect contact with his former girlfriend and her children. In the Supervised Release Violation Report, the probation officer determined that Gassett's conduct constituted a Grade C violation of supervised release under USSG § 7B1.4(a). Based upon an original Criminal History Category of I, Gassett's sentencing range was three to nine months.

On October 31, 2005, the district court held a supervised release violation hearing. After reviewing the evidence presented at the hearing, the district court imposed the maximum sentence of twenty-eight months of incarceration.

In his timely appeal, Gassett argues that the court should review the district court's sentence under a reasonableness standard in light of *United States v. Booker*, 543 U.S. 220 (2005). He also argues that his twenty-eight month sentence as a result of his supervised release violation was unreasonable.

A sentence imposed upon revocation of supervised release is reviewed for an abuse of discretion. *United States v. Webb*, 30 F.3d 687, 688 (6th Cir. 1994). We will affirm a district court's decision provided that the district court's opinion reflects consideration of the relevant statutory factors and is not plainly unreasonable. *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999); *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998). Other courts have concluded

that in light of *Booker*, the proper standard of review in supervised release revocation cases is reasonableness. *See United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005); *United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005); *United States v. Fleming*, 397 F.3d 95, 99 (2d Cir. 2005). In *United States v. Johnson*, 403 F.3d 813, 816-17 (6th Cir. 2005), this court in dicta questioned the Second Circuit's reasoning in *Fleming* and appeared to favor adherence to the pre-*Booker* "plainly unreasonable" standard of review. Whether *Booker* compels a "reasonableness" standard rather than a "plainly unreasonable" standard does not need to be decided in this case. *See United States v. Kirby*, 418 F.3d 621, 625 n.3 (6th Cir. 2005). Whatever the difference in the two standards, the judgment can be affirmed under either standard.

In imposing a term of imprisonment following revocation of supervised release, the district court is required to consider the relevant policy statements of the sentencing guidelines. *McClennan*, 164 F.3d at 310. In addition, the district court must also consider the relevant statutory factors found in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). Those factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense; the need to afford adequate deterrence to criminal conduct; and the need to provide the defendant with medical care or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a). However, the court need not engage in a ritualistic incantation of these factors in order to establish consideration. *Washington*, 147 F.3d at 491. Instead, the statute's mandate is satisfied if the district court's explanation of the sentence makes it clear that it considered the requisite factors. *Id.* at 491-92.

The district court sufficiently stated its reasons for imposing a twenty-eight month term of imprisonment. Although the district court did not expressly discuss the requirements of § 3553(a), it is clear that the district court considered the relevant factors. The district court noted that, in light of his many violations, Gassett had displayed a blatant disregard for the terms of his supervised release. The district court noted that Gassett had continued to terrorize his former girlfriend and her family despite being ordered to cease. These concerns reflect consideration of the nature of the

offense, the need to deter Gassett's criminal conduct, and the need to protect the public from further crimes. In addition, the district court clearly considered that Gassett had no prior history of physical violence. Finally, the district court did not err by sentencing Gassett above the recommended sentencing range because the district court clearly considered Gassett's continuous violations as a serious problem and the district court clearly felt the need to impress upon Gassett the seriousness of his violations. *See Johnson*, 403 F.3d at 817.

Accordingly, we affirm the district court's judgment.

ENTERED BY ORDER OF THE COURT

/s/ [signature]
Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

LEONARD GREEN
CLERK

ROBIN DUNCAN
(513) 564-7027
(FAX) 564-7098
www.ca6.uscourts.gov

Filed: October 20, 2006

Richard W. Smith-Monahan
Office of the Federal Public Defender
Southern District of Ohio
36 E. Seventh Street
Suite 2000 URS Center
Cincinnati, OH 45202

Anthony Springer
U.S. Attorney's Office
Southern District of Ohio
221 E. Fourth Street
Suite 400
Cincinnati, OH 45202

RE: 05-4578
USA vs. Gassett
District Court No. 02-00097

Dear Counsel,

Enclosed is a copy of an order which was entered today in the above-styled case.

Very truly yours,
Leonard Green, Clerk

Robin Duncan
Case Manager

Enclosure

cc:
Honorable Susan J. Dlott
Mr. James Bonini